IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

THOMAS R. BAKER                                                                                    PLAINTIFF

V.                                            2:25-CV-02117-MEF

FRANK BISIGNANO, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION                                              DEFENDANT

**MEMORANDUM OPINION**

This is an action seeking review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Plaintiff Thomas R. Baker's ("Plaintiff") application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. The case is presently before the Court on the Commissioner's Unopposed Motion for Reversal and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g). (ECF Nos. 12, 12-1). The parties have consented to a decision by the United States Magistrate Judge. (ECF Nos. 4, 6). The Court has fully considered the issues and, for the reasons given below, the motion for reversal and remand is GRANTED.

Plaintiff completed an application for SSI on September 19, 2022, alleging disability beginning January 1, 2017. (ECF No. 7-1, pp. 254-258). The agency denied the application, and Plaintiff requested a hearing, which was held on April 8, 2024. (ECF 7, pp. 13, 36-60). By written decision dated September 11, 2024, the ALJ determined that Plaintiff was not entitled to benefits. (*Id.*, pp. 13-28). The ALJ's decision became the final decision of the Commissioner on July 29, 2025, when the Appeals Council denied Plaintiff's request for review. (*Id.*, pp. 1-3).

Plaintiff initiated this civil action by filing the Complaint on September 30, 2025, seeking judicial review of the Commissioner's administrative decision pursuant to 42 U.S.C. § 405(g). (ECF No. 2). As permitted by the Supplemental Rules for Social Security, the Commissioner

1

answered the Complaint by filing the Social Security Transcript on December 1, 2025. (ECF No. 7). *See* Fed. R. Civ. P. Supp. R. Soc. Sec. 4(b) (stating that the answer in a proceeding under 42 U.S.C. § 405(g) may be limited to a certified copy of the administrative record). Plaintiff filed his Appeal Brief on February 2, 2026. (ECF No. 11). In the Complaint and in the Appeal Brief, Plaintiff asserts, in relevant part, that reversal and remand are appropriate because the ALJ failed to follow relevant regulations and agency rulings in evaluating Plaintiff's application for benefits. (ECF No. 2, pp. 1-2; ECF No. 11, pp. 3-12). More specifically, Plaintiff contends the ALJ's Step 2 finding, his analysis of Plaintiff' symptoms and of the medical opinions, and the RFC assessment and Step 5 findings are all marred by legal error and the decision is not supported by substantial evidence on the record as a whole. (*Id.*). On March 3, 2026, the Commissioner filed the instant motion, acknowledging that, upon further review of the ALJ's decision and the certified administrative record, the case merits reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 12; ECF No. 12-1). The Commissioner further represents that Plaintiff, by his counsel, does not oppose the motion. (ECF No. 12, p. 1).

"Sentences four and six of § 405(g) outline 'the exclusive methods by which district courts may remand to the [Commissioner][.]" *Pottsmith v. Barnhart*, 306 F.3d 526, 527 (8th Cir. 2002) (quoting *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993)). Relevant here, the fourth sentence of § 405(g) authorizes a court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Supreme Court has observed that this language permits a district court to remand a case in conjunction with a substantive ruling as to the correctness of the Commissioner's administrative decision. *See*

*Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991) (noting that a substantive ruling is one of the distinguishing features of a sentence-four remand).[1] *See also Pottsmith*, 306 F.3d at 528 (same).

In his brief, Plaintiff argues that the record does not evince substantial evidence to support the Commissioner's decision because the ALJ's entire analysis, from Step 2 through Step 5, is flawed. (ECF No. 11, pp. 3-12). He specifically requests a remand for further administrative proceedings. (*Id.*, pp. 9, 12). In his motion, the Commissioner—without contesting Plaintiff's substantive arguments—concedes that reversal and remand pursuant to sentence four is necessary. Accordingly, the Court **GRANTS** the Commissioner's Unopposed Motion for Reversal and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) (ECF Nos. 12, 12-1); **REVERSES** the final decision of the Commissioner; and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED on this 6th day of March 2026.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

---

[1] Under sentence six, which is not implicated here, "the district court does not affirm, modify, or reverse the [Commissioner's] decision; it does not rule in any way as to the correctness of the administrative determination." *Travis v. Astrue*, 477 F.3d 1037, 1039-1040 (8th Cir. 2007) (internal quotation and citation omitted).